IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Case No. 06-cv-00611-EWN-MJW

NATHAN DUNLAP,

      Applicant,

v.

JOE ORTIZ, Executive Director, Colorado Department of Corrections,

      Respondent.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This is a habeas case. Petitioner Nathan Dunlap challenges his incarceration for 1996 convictions for kidnapping, aggravated robbery, and theft, which the State of Colorado used as aggravating factors in seeking the death penalty against Petitioner in connection with his subsequent convictions for attempted first-degree murder, aggravated robbery, and first-degree burglary. Petitioner challenges only the 1996 convictions listed above. This matter comes before the court on "Applicant's Motion to Stay Petition for Writ of Habeas Corpus and Hold in Abeyance Pending Completion of State-Court Appeal," filed December 18, 2006. Jurisdiction is proper pursuant to 28 U.S.C.S. § 2254 (LexisNexis 2007).

On January 10, 1996, the District Court for Arapahoe County ("Arapahoe District Court") sentenced Petitioner to: (1) consecutive terms of thirty-five years for one count of second-degree kidnapping, twenty years for a second count of second-degree kidnapping, and twenty years for

1

aggravated robbery; and (2) a concurrent term of six years for theft. (Applicant's Mot. to Stay Pet. for Writ of Habeas Corpus and Hold in Abeyance Pending Completion of State-Court Appeal, Ex. 4 at 1 [Notice of Appeal] [filed Dec. 18, 2006] [hereinafter "Pet'r's Br."].) The convictions and sentence became final on direct review on January 18, 1999, after the Colorado Court of Appeals upheld the convictions and the Colorado Supreme Court denied certiorari. (*Id.* at 1.)

On August 18, 1999, Petitioner filed an application for post-conviction relief in the Arapahoe District Court, pursuant to Colorado Rule of Criminal Procedure 35(c). (*Id.*) On May 1, 2001, the court granted Petitioner's Rule 35(c) motion in part and denied it in part. (Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 Docket Nos. 1–15 at 17–30, 1–16 at 1–2 [Sept. 9, 2004 Order] [filed Apr. 3, 2006] [hereinafter "Pet."].)[1] The court vacated Petitioner's sentence on the two counts of kidnapping and denied his other requests for relief. (*Id.*) On September 9, 2004, the Colorado Court of Appeals reversed the vacated sentence, affirmed the denial of Petitioner's remaining claims, remanded the case, and ordered the lower court to reinstate Petitioner's original convictions and sentence. (*Id.*, Docket Nos. 1–24, 1–25 [Sept. 9, 2004 Order].) On November 7, 2005, the Supreme Court of Colorado denied certiorari. (*Id.*, Docket No. 1–30 [Nov. 7, 2005 Order].)

---

[1]Throughout his motion to stay, Petitioner points the court to exhibits to his habeas petition. (Pet'r's Br., *passim*.) Surprisingly, none of the exhibits to the habeas petition are numbered. (Pet.) Equally surprisingly, Petitioner and the court evidently do not share a common approach in assigning numbers to the exhibits. Accordingly, in the interest of clarity, the court refers to the docket number or numbers on this court's docket to delineate the documents to which it refers.

2

Although the parties evidently requested the Arapahoe District Court to act on the remand for resentencing, the court took no such action until October 2006.  (Pet'r's Br. at 2.)  Amid confusion concerning the one-year statute of limitations in which to file, and "[i]n an abundance of caution," Petitioner filed his federal habeas petition in this court while still awaiting resentencing, on April 3, 2006.[2]  (*Id.*; *see also* Pet.)  Petitioner asserted thirty-two claims for relief.  (Pet.)

On July 26, 2006, Petitioner filed a supplement with the Arapahoe District Court concerning his resentencing, in which he argued that his original 1996 sentence was illegal because it failed to determine and order restitution, as required under Colorado law.  (Pet'r's Br., Ex. 2 at 1–2 [Supplemental Position].)  On October 11, 2006, the Arapahoe District Court rejected Petitioner's arguments and reinstated the original sentence.  (*Id.*, Ex. 3 [Judgment of Conviction].)  On November 21, 2006, Petitioner filed a notice of appeal, in which he stated his intentions to challenge the October 11, 2006 sentencing before the Colorado Court of Appeals.  (*Id.*, Ex. 4 [Notice of Appeal].)

On December 18, 2006, Petitioner filed the motion presently at bar.  (*Id.*)  Petitioner

---

[2]On March 7, 2001, the District Court for Arapahoe County found that December 10, 1998 — the date Petitioner's former counsel filed a motion to withdraw and for appointment of counsel — was the date upon which post-conviction proceedings in the case began.  (Pet., Docket No. 1–6 [Mar. 7, 2001 Order].)  Petitioner asserts that pursuant to the court's order, the one-year statute of limitations for filing his petition should have been tolled as of this date.  (Pet'r's Br. at 2.)  Petitioner's position is odd, given that the date he cites precedes his final conviction.  In its response to Petitioner's habeas petition, Respondent suggested that the statute of limitations was not tolled until August 18, 1999, when Petitioner filed an application for post-conviction proceedings.  (Answer to Show Cause Order at 8, 18–20 [filed Sept. 9, 2006].)  Respondent noted that, as of the filing date of the habeas petition — April 3, 2006 — only five days remained in the one-year period.  (*Id.* at 19.)

3

argues that this court should stay his habeas petition and hold his case in abeyance in order to allow him to complete his challenges to his sentencing in state court. (*Id.* at 4.) Petitioner requests the court to stay the case rather than dismiss it due to the parties' stated differences of opinion as to the tolling date of the statute of limitations. (*Id.*) Finally, Plaintiff underscores that he filed his petition as a precautionary step, and asserts that staying the petition and holding the case in abeyance will avoid litigation as to the petition's timeliness. (*Id.* at 4–5.) On December 18, 2006, Respondent filed a response in opposition to Petitioner's motion to stay. (Resp't's Resp. to Pet'r's Mot. for Stay and Abeyance [filed Dec. 18, 2006] [hereinafter "Resp't's Resp."].) Respondent concedes that a stay rather than dismissal of the case would be appropriate, but argues a stay is not warranted because: (1) Petitioner has not established good cause for his failure to exhaust his claim in state court; and (2) his claim has no potential merit. (*Id.*) Petitioner did not file a reply in support of his motion.

Petitioner correctly asserts that, where appropriate, a district court may stay federal habeas proceedings in order to permit a petitioner to complete necessary proceedings in state court. (Pet'r's Br. at 4.) In support of his contention, Petitioner points to two Supreme Court decisions — *Rhines v. Weber*, 544 U.S. 269 (2005) and *Pace v. DiGuglielmo*, 244 U.S. 408 (2005). (*Id.*) Neither case is entirely apposite, but both deal with the "difficulty" in satisfying the dual requirements under the Antiterrorism and Effective Death Penalty Act that petitioners: (1) exhaust all of their claims in state court before bringing same before a federal court; and (2) file their federal habeas petitions within one year of the date their convictions become final. *Rhines*, 544 U.S. at 275–86 (citing 28 U.S.C. § 2254[b][1][A]). In *Rhines*, the Court held that a stay and

abeyance of a federal habeas petition was proper when the petition was "mixed" — meaning it contained both exhausted and unexhausted claims — in order to allow the petitioner to resolve the unexhausted claims in state court while preserving the timely filing of his federal petition. *Id.* Petitioner admits that his petition is not mixed, but points to *Pace*, 544 U.S. at 416, in which the Court suggested that a petitioner might file a "protective" habeas petition in order to satisfy the statute of limitations and, thereafter, request the court to stay and abey his case pending exhaustion of his claims in state court. (Pet'r's Br. at 4.) Petitioner admits that neither case speaks directly to the present situation, because his petition "does not include unexhausted claims" and, *a fortiori*, does not include the claims now pending before the Colorado Court of Appeals. (*Id.* at 4–5.) Rather, Petitioner emphasizes that his state court appeal "has the potential to exhaust additional constitutional claims that may then properly be presented to this [c]ourt in an amended petition," and contends the legal principles set forth in *Pace* and *Rhines* apply in the instant case. (*Id.* at 5.) Even assuming *arguendo* that the cases Petitioner cites do indeed apply, Petitioner's arguments must fail.

As the Court stated in *Rhines*, a stay and abeyance of habeas proceedings is "available only in limited circumstances" and is appropriate where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277, 278. Petitioner argues that he meets these requirements because: (1) he was unable to exhaust his

claims due to the delay in resentencing him; and (2) his claims are not plainly meritless.[3]  (Pet'r's Br. at 5.)  Respondent convincingly argues that Petitioner's position is untenable.  (Resp't's Resp.)  Petitioner's only argument concerning good cause consists in its entirety of one sentence: "[Peitioner] was not previously able to exhaust [his] claims due to the state district court's lengthy delay in resentencing him."  (*Id.*)  Petitioner does not deign to explain his argument any further.  This skeletal contention simply cannot suffice to establish good cause.  This is especially true in light of Petitioner's own statement that he takes issue with the "original sentence imposed" in 1996.  (*Id.*, Ex. 2 [Supplemental Position].)  As Respondent rightly emphasizes, Petitioner wholly fails to address the fact that approximately ten years passed between his 1996 sentencing and his July 2006 assertion of this claim, let alone offer an argument to establish good cause for the delay.  (Resp't's Resp. at 22–24; *see* Pet'r's Br.)  Petitioner simply makes no attempt to explain why he did not raise his claim on direct appeal or during his first post-conviction proceedings in state court.  (Pet'r's Br.)  As noted above, stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines*, 544 U.S. at 277.  Petitioner's utter failure to demonstrate good cause must defeat his motion to stay and abey the petition.

---

[3]Perhaps tellingly, Petitioner makes no representations as to whether he has engaged in intentionally dilatory litigation tactics.  (Pet'r's Br.)

6

It is therefore ORDERED that Petitioner's motion to stay (#33) is DENIED.

Dated this 26th day of February, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge