IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **06-cv-611**

**NATHAN DUNLAP**,
　　　Petitioner,
v.

**ARI ZAVARAS, Executive Director, Colorado Department of Corrections,**
　　　Respondent.

---

# ORDER

---

**Kane, J.**

　　　Petitioner Nathan Dunlap seeks a certificate of appealability for the following seven

issues:

　　　1.Whether the trial court's denial of his motion to change venue deprived him of
　　　due process and a fair trial, because pretrial publicity was allegedly presumptively
　　　and actually prejudicial to him.

　　　2.Whether trial counsel rendered ineffective assistance by failing to impeach the
　　　state's key witness, Tony Blan, with available evidence.

　　　3.Whether the prosecutor, in closing argument, deprived him of due process and a
　　　fair trial by allegedly exhorting the jury to place itself in the victim's position and
　　　by vouching for witnesses.

　　　4.Whether trial counsel rendered ineffective assistance by failing to object to the
　　　prosecutor's allegedly improper closing argument.

　　　5.Whether the trial judge's *ex parte* communication with the jury regarding a
　　　request to have the testimony of three key prosecution witnesses read back
　　　violated his right to counsel and his right to be present at all critical stages of the
　　　trial.

　　　6.Whether the trial court's responses to the jury's questions indicating deadlock
　　　and revealing confusion about the allocation of the burden ofproof deprived him
　　　of due process and a fair trial.

7.Whether trial counsel rendered ineffective assistance by failing to object to the trial court's allegedly improper responses to the jury's questions and by failing to propose responses that would correct the jury's improper understanding of the allocation of the burden of proof.

Each of these issues was raised in Petitioner's Amended Application for Writ of Habeas Corpus (Doc. 44) and denied in my Memorandum Opinion and Order issued August 24, 2010 (Doc. 89). Upon *de novo* review of the parties' written briefs and their oral arguments, Petitioner's Motion for Certificate of Appealability (Doc. 91) is denied.

Pursuant to 28 U.S.C. § 2253(c), Petitioner may only appeal my denial of his habeas petition if he secures a certificate of appealability. Where, as here, Petitioner's detention arises out of a state court proceeding, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In other words, a COA may issue where my resolution of Petitioner's claims is "debatable amongst jurists of reason." *Id.* at 336.

Petitioner has failed to show that my denial of his claims is debatable among jurists of reason. Accordingly, his Motion for Certificate of Appealability (Doc. 91) is DENIED.


Dated: October 6, 2010            BY THE COURT:

                                      /s/**John L. Kane**
                                      SENIOR U.S. DISTRICT JUDGE